UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SCOTT ROBINSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 7:11-cv-01092-LSC-HGD |
| ) | |
| WARDEN CONSTANCE REESE, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on February 21, 2013, recommending that plaintiff's claims concerning defendant Clay's mismanagement of the Special Housing Unit ("SHU") at FCI Talladega, officers' mishandling of time sheets, double celling, inadequate ventilation, and defendants' failure to follow universal medical procedures be dismissed without prejudice due to plaintiff's failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). (Doc. 36). The magistrate judge further recommended that defendants' motion for summary judgment be granted on plaintiff's remaining Eighth Amendment conditions of

confinement and medical care claims. *Id.* Plaintiff filed objections on March 14, 2013. (Doc. 37).

Plaintiff objects to the magistrate judge's determination that there was no showing that his inability to flush his toilet on demand constituted cruel and unusual punishment, that defendants were deliberately indifferent to such conditions, or that he had been injured in any way.

Plaintiff does not dispute that flush buttons for toilets in SHU were controlled by staff as a security measure to prevent inmates from flooding cells and the unit, to eliminate certain plumbing problems, and to prevent inmates from damaging the flushing mechanisms. Plaintiff argues that prison officials could have used less restrictive means to stop inmates from flooding cells.

The configuration of the flushing mechanisms in the SHU at FCI Talladega alone does not constitute an extreme deprivation. Courts will not generally substitute their judgment for that of prison administrators in determining what is necessary to preserve order. *See Block v. Rutherford*, 468 U.S. 576, 584-85 (1984). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Neither is it necessary for prison administrators to pursue

the least restrictive means to meet their legitimate objectives. *Block*, 468 U.S. at 3235 n.11.

Plaintiff alleges that guards only flushed toilets every 3 to 4 hours and when they passed out trays. As a result, plaintiff contends he was made to defecate on top of his cellmate's excrement and the excrement would splash on him, thereby exposing him to communicable and infectious diseases.

Taking as true plaintiff's claims that guards only flushed the toilet every 3 to 4 hours, his toilet would have been flushed 6 to 8 times a day. In the face of cases cited by the magistrate judge that have found much more egregious circumstances than stated by plaintiff not to be actionable (Doc. 36 at 38-39), the court cannot find that the conditions of confinement in SHU were extreme.

Moreover, plaintiff has not shown that defendants were deliberately indifferent to such conditions. Plaintiff does not dispute that prison policy directed guards to flush toilets in the SHU every thirty minutes. Neither does plaintiff dispute that inmates were supplied with flush cards that they could hold up to request that their toilet be flushed. Plaintiff does not name a defendant or guard whom he asked to flush his toilet nor does he allege that he held up a flush card and the defendant or guard refused or delayed in flushing his toilet. Neither does plaintiff allege how often these incidents occurred during his less than two-month confinement in SHU.

Plaintiff, himself, notes that guards told him there was a delay in flushing the toilets because they were understaffed. (Amend. Compl. ¶ 61). This does not amount to a showing of deliberate indifference. At most, plaintiff may have shown that prison officials were negligent in failing to ensure that guards strictly complied with prison policy to flush toilets every thirty minutes. However, negligence does not state a constitutional claim. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

Plaintiff also claims that the magistrate judge incorrectly held that he must show he contracted a disease while housed in SHU in order to show injury. The magistrate judge found that plaintiff was tested several times for infectious and communicable diseases when he was released from SHU and the test results were negative. The magistrate judge also noted that plaintiff did not allege that any of his cellmates had any infectious or communicable diseases.

Even if plaintiff had shown that defendants violated his constitutional rights, he has not shown actual injury sufficient to entitle him to compensatory damages. *See generally Carey v. Piphus*, 435 U.S. 247, 254-57; *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003). Neither can plaintiff recover for emotional or mental damages without a showing of a specific physical injury under 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Plaintiff cites *Helling v. McKinney*, 509 U.S. 25 (1993), and *Johnson v. Epps*, 479 Fed. App'x 583 (5th Cir. 2012), for the proposition that he need not sustain physical injury to succeed on his conditions of confinement claim. In *Helling*, the Supreme Court established that even in the absence of any present physical injury from involuntary exposure to second-hand smoke, an inmate could obtain injunctive relief against continued exposure. *Helling*, 509 U.S. at 33-34. The Court concluded that "[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them." *Helling*, 509 U.S. at 33.

In *Johnson*, the plaintiff specifically alleged in his complaint that inmate barbers would cut or nick inmates who were positive for HIV and hepatitis and the inmate barbers would then use the blood-contaminated clippers and razors on uninfected inmates such as Johnson and cut or nick them. *Johnson v. Epps*, 479 Fed. App'x at 586. Johnson also alleged that he had sustained a skin abrasion while getting his hair cut and barber's itch. Finally, Johnson alleged that inmates with communicable diseases had in fact infected other inmates. The court determined that Johnson's claims should not have been dismissed for failing to state a claim and could proceed against the prison commissioner for injunctive relief against the barbering practices.

In the present case, plaintiff would not be entitled to injunctive relief against continued exposure to his cellmate's waste given that he is no longer incarcerated in SHU at FCI Talladega. *See Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Neither have the parties addressed the likelihood that plaintiff will be returned to FCI Talladega and placed in SHU under the same conditions. Therefore, injunctive relief for continued exposure to certain conditions under *Helling* and *Johnson* is not applicable here.

Plaintiff's complaints concerning the toilets and roach infestation in SHU, even when viewed together, do not constitute cruel and unusual punishment. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575-76 (11th Cir. 1985). Guards flushed plaintiff's toilets between 6 to 8 times a day, and he was able to request a flush by holding up a flush card. Additionally, plaintiff was housed in SHU for less than two months and there is no evidence that he ever sought or required medical or psychological attention for holding in his bowels due to his inability to flush the toilet as he alleges. While defendants concede that there was a problem with roaches in SHU, they have submitted extensive records of pest control measures taken in the area. Neither is there evidence that plaintiff ever sought psychological treatment after

he was released from SHU for mental and emotional distress he allegedly suffered due to the roach infestation.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law.

Accordingly, plaintiff's claims concerning defendant Clay's mismanagement of SHU, officers' mishandling of time sheets, double celling, inadequate ventilation, and defendants' failure to follow universal medical procedures are due to be dismissed without prejudice due to plaintiff's failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). Additionally, defendants' motion for summary judgment is due to be granted on plaintiff's remaining Eighth Amendment conditions of confinement and medical care claims and these claims are due to be dismissed with prejudice.

A Final Judgment will be entered.

Done this 22nd day of March 2013.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]